# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Dorinda Studebaker<br>P.O. Box 1799<br>Idaho Springs, CO 80452<br><br>    Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o CT Corporation System, Registered Agent<br>1300 E 9th St<br>Cleveland, OH 44114<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around July 30, 2008, Defendant telephoned Plaintiff at work.

10. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to received Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

11. Despite Plaintiff's notice, on or around July 31, 2008, Defendant telephoned Plaintiff's place of employment.

12. Despite Plaintiff's notice, on or around August 4, 2008, Defendant telephoned Plaintiff's place of employment.

13. Despite Plaintiff's notice, on or around August 6, 2008, Defendant telephoned Plaintiff's place of employment.

14. Despite Plaintiff's notice, on or around August 12, 2008, Defendant telephoned Plaintiff's place of employment.

15. Despite Plaintiff's notice, on or around August 12, 2008, Defendant telephoned Plaintiff's place of employment.

16. Despite Plaintiff's notice, on or around August 15, 2008, Defendant telephoned Plaintiff's place of employment.

17. Despite Plaintiff's notice, on or around August 18, 2008, Defendant telephoned Plaintiff's place of employment.

18. Despite Plaintiff's notice, on or around August 18, 2008, Defendant telephoned Plaintiff's place of employment.

19. During several of these communications, Plaintiff again notified Defendant that Plaintiff was not allowed to received Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time or place known or which Defendant should have known was inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Invasion of Privacy by Intrusion upon Seclusion

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

31. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

                                  RESPECTFULLY SUBMITTED,

                                  Macey & Aleman, P.C.

                                  By: */s/ Jeffrey S. Hyslip*
                                  Jeffrey S. Hyslip
                                  Richard J. Meier
                                  233 S. Wacker
                                  Sears Tower, Suite 5150
                                  Chicago, IL 60606
                                  Tel: 1.866.339.1156
                                  Fax: 1.312.822.1064
                                  jsh@legalhelpers.com
                                  rjm@legalhelpers.com
                                  *Attorneys for Plaintiff*